ELIZABETH M. AMENT, Plaintiff, *v.* H. C. BOHACK Co., INC., and HENRY ROBOHM, Defendants.

Supreme Court, Nassau County, May 29, 1936.

*Thomas M. Roche,* for the plaintiff.

*James B. Henney,* for the defendant H. C. Bohack Co., Inc.

*J. Russell Sprague,* for the defendant Robohm.

Hooley, J.   This is an action for personal injuries.   Defendant Robohm moves for an order dismissing the complaint upon the ground that action has abated due to the death of the plaintiff. The other defendant joins in the motion.   The attorney for the plaintiff, claiming that the plaintiff's death was caused by the injuries which were the basis for this action, makes a cross-motion for an order granting the right to the administrator of the deceased plaintiff to be substituted as plaintiff and granting permission to enlarge the complaint so as to include the cause of action for wrongful death, pursuant to sections 120 and 130 of the Decedent Estate Law.

The case brings up for consideration the intention of the Legislature in enacting chapter 795 of the Laws of 1935, adding new sections 118, 119 and 120 and repealing former sections 118, 119 and 120 of the Decedent Estate Law.   Section 118 provides that no cause of action for injury to person or property shall be lost because of the death of the person liable for the injury.   Section 119 provides that no cause of action for injury to person or property shall be lost because of the death of the person in whose favor the cause of action existed.   Section 120 provides that where an action to recover damages for personal injury has been brought and the injured party dies before verdict, report or decision, and the death is due to the injury, his executor or administrator may enlarge the complaint in such action to include the cause of action for wrongful death.

It is clear from the foregoing that the Legislature intended in the types of action referred to in the foregoing sections to prevent abatement where death resulted.   However, said sections did not take effect until September 1, 1935, and applied only to causes of action accruing thereafter.   Section 7 of chapter 795 of the Laws of 1934 provides as follows: " § 7. This act shall apply to all causes of action for injury to person or property arising after the effective date hereof.   All causes of action arising before this act takes effect shall be governed by existing law."

The plaintiff died on or about March 1, 1936. The cause of action accrued February 19, 1934.

It is clear, therefore, that the cause of action herein accrued before the effective date of the statute and is not governed thereby.

The administrator must begin a new action under section 130 of the Decedent Estate Law.

The motion of defendant Robohm must be granted and the cross-motion denied.